**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Suzanne Angela Fonteboa,<br><br>Plaintiff,<br><br>-v-<br><br>Commissioner of Social Security,<br><br>Defendant. | 2:24-cv-02069<br>(NJC) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

On March 21, 2024, Plaintiff Suzanne Angela Fonteboa ("Fonteboa") filed this action seeking review of the denial of disability benefits pursuant to section 205(g) and/or section 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. § 405(g) and/or § 1383 (c) (3). (*See* Compl., ECF No. 1.) Before the Court is Plaintiff's application to proceed in forma pauperis. (ECF No. 2.) For the reasons that follow, the application to proceed in forma pauperis is denied and Fonteboa is directed to pay the $405.00 filing fee within seven (7) days in order for this case to proceed.

To qualify for in forma pauperis status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). "The purpose of the statute permitting litigants to proceed IFP [in forma pauperis] is to insure that indigent persons have equal access to the judicial system." *Davis v. NYC Dept. of Educ.*, 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing *Gregory v. NYC Health & Hospitals Corp.*, 07-CV-1531, 2007 WL 1199010, at *1

(E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for in forma pauperis status is within the discretion of the district court. *Davis*, 2010 WL 3419671 at *1 (citing *DiGianni v. Pearson Educ.*, 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010)). The court may dismiss a case brought by a plaintiff requesting to proceed in forma pauperis if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Here, Fonteboa reports that she has $30,000.00 "in a joint account with my husband" and explains that "I live with my husband in a house that he owns." (ECF No. 2 ¶¶ 4, 6.) Fonteboa lists regular household monthly expenses for items such as food, housing, and transportation that total approximately $4,175 and reports that her husband meets these expenses by withdrawing $1,000 per month from the joint account. (*Id.* ¶¶ 6, 8.) Fonteboa also reports having no debts or other financial obligations. (*Id.* ¶ 8.)

Given Fonteboa's reported financial position, she has not demonstrated that she cannot afford the $405.00 filing fee and still be provided with "the necessities of life." *Adkins*, 335 U.S. at 339. "'If it appears that an applicant's 'access to [ ] court has not been blocked by his financial condition; rather [that] he is 'merely in the position of having to weigh the financial constraints posed if he pursues [his position] against the merits of his case,'' then a court properly exercises its discretion to deny the application." *Brooks v. Aiden 0821 Capital LLC*, No. 19-CV-6823(GRB)(AYS), 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020) (quoting *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002)). Accordingly, because Fonteboa's application demonstrates that she has sufficient resources to pay the filing fee, she does not qualify for in forma pauperis status. *See Wrenn v. Benson*, 490 U.S. 89, 90 n.4 (1989) (per curiam) (denying leave to proceed in forma pauperis based on review of information contained in the supporting affidavit of indigency); *see also Ware v. Gerspach*, 17-CV-246, 2017 WL

1592576 (E.D.N.Y. Apr. 28, 2017) (denying in forma pauperis application where plaintiff had approximately $28,000 in a savings or checking account). Accordingly, the motion to proceed in forma pauperis is denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Fonteboa at her address of record and to record such mailing on the docket.

SO ORDERED.


/s Nusrat J. Choudhury
NUSRAT J. CHOUDHURY
United States District Judge


Dated:          Central Islip, New York
                March 28, 2024